**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**
**BY:  Mark  J. Leavy, Esquire**                    ATTORNEY FOR DEFENDANT
**Attorney I.D. 014312004**                         Apothaker Scian, P.C.
**535 Route 38 East**
**Suite 501**
**Cherry Hill, NJ   08002**
**(856)663-4300**
**mleavy@moodklaw.com**

1996-113672 (MJL/BI)

| | |
|---|---|
| Thomas Griffin, on behalf of himself and all others similarly situated, | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** |
| vs. | Civil Action No.: |
| Apothaker Scian, P.C., Cavalry SPV I, LLC, John Does 1-25 and ABC Corp 1-50, | CIVIL ACTION |
| | **NOTICE OF REMOVAL** |

Defendant, Apothaker Scian, P.C., hereby notices the removal of this action pursuant to 28 U.S.C. §1331 and §1441, *et seq.* to the United States District Court for the District of New Jersey pursuant to the following grounds:

<u>**TIMELINESS OF REMOVAL**</u>

1.      On or about January 30, 2023, Plaintiff, Thomas Griffin, filed a civil action against Defendants in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-000557-23.  A true and correct copy of the Summons and Complaint is annexed hereto as **Exhibit A**.

2.      On or around August 7, 2023, copies of the Summons and Complaint was served on Defendant.  True and correct copy of the Affidavit of Service for Defendant, Apothaker Scian, P.C., is annexed hereto as **Exhibit B**.

3.    Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is being timely filed, i.e., within 30 days after service upon Defendant of the Summons and Complaint.  *Murphy Brothers v. Micheal Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## BASIS FOR REMOVAL

4.    This cause is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5.    This Court has original subject matter jurisdiction over this action under 28 U.S.C. §1331 because Plaintiff asserts claims under laws of the United States. Plaintiff's Complaint alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* This relief is sought pursuant to federal law and thus asserts a federal question under 28 U.S.C. §1331 and is removable under 28 U.S.C. §1441(b).

## CONCLUSION

6.    Defendant has not previously sought the requested relief.

7.    To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

8.    In addition to the Defendant, copies of the Summons and Complaint were also served on Co-Defendant, Cavalry SPV I, LLC  on or around August 7, 2023.  True and correct copy of the Affidavit of Service for this party is annexed hereto as **Exhibit C**.

9.    Defendant has obtained written consent from counsel for Co-Defendant Cavalry SPV I, LLC, the law firm of Maurice Wutscher LLP, to remove this action to federal court.

10.    In accordance with 28 U.S.C. §1446(d), copies of this Notice of Removal have been served upon Plaintiff and filed with the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court in Middlesex County, New Jersey.

WHEREFORE, Defendant respectfully requests this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey.

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

*/s/ Mark  J. Leavy*
Mark  J. Leavy, Esquire

Date:  September 6, 2023

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Mark  J. Leavy, Esquire, counsel for Defendant, Apothaker Scian, P.C., certifies that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration, and that no other action or arbitration is contemplated.

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

*/s/ Mark  J. Leavy*
Mark  J. Leavy, Esquire

Date:  September 6, 2023

{M0659932.1}

# EXHIBIT "A"

**LAWRENCE C. HERSH** (No. 003142002)
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

| | |
|---|---|
| ——————————————————X<br>:<br>THOMAS GRIFFIN, on behalf of himself and all :<br>others similarly situated,                  :<br>                                            :<br>                     Plaintiff,             :<br>                                            :<br>vs.                                         :<br>                                            :<br>CAVALRY SPV I, LLC and APOTHAKER            :<br>SCIAN P.C., JOHN DOES 1-25 and ABC CORP. :<br>1-50,                                       :<br>                                            :<br>                     Defendants.            :<br>                                            :<br>—————————————————— X | Superior Court of New Jersey<br>Law Division<br>Middlesex County<br><br>Docket No.<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND JURY TRIAL DEMAND** |

Plaintiff THOMAS GRIFFIN (hereinafter "Plaintiff"), on behalf of himself and

all others similarly situated, by and through his undersigned attorney, alleges against the

above-named Defendants CAVALRY SPV I, LLC and APOTHAKER SCIAN P.C.,

JOHN DOES 1-25 and ABC CORP. 1-50 (hereinafter collectively "Defendants"), and

their respective employees, agents, and successors, the following:

<u>**PRELIMINARY STATEMENT**</u>

1.      Plaintiff brings this action for statutory damages arising from the

Defendants' violation of the Fair Debt Collection Practices Act ("FDCPA").

<u>**JURISDICTION AND VENUE**</u>

2.      This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. §1692 *et seq.* pursuant to 15 U.S.C. §1692k(d).

3.      Defendants regularly collect debts in Middlesex County, do business in Middlesex County and/or regularly file lawsuits in Middlesex County.

## DEFINITIONS

4.      The terms "creditor," "consumer," "debt," and "debt collector" are defined in the FDCPA.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and resident of the City of Dunellen, the County of Middlesex County, the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3) and  15 U.S.C. § 1693a(6).

7.      CAVALRY SPV I, LLC ("CAVALRY") is a New York limited liability company with its principal place of business located at 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595.

8.      APOTHAKER SCIAN, P.C. ("APOTHAKER") is a law firm that has it principal place of business located at 520 Fellowship Road, Suite C306, Mt. Laurel, New Jersey.

9.      The principal purpose of each Defendant is the collection of consumer debts in this state and each regularly attempts to collect debts alleged to be due another.

10.     Each Defendant is a debt collector, as defined by § 1692a of the FDCPA,

2

because it regularly uses the mails and/or the telephone, in its business, the principal

purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted

consumer debts.

11.     Defendants JOHN DOES 1-50 and ABC CORP. 1-50 are fictitious

defendants.  JOHN DOES 1-50 are fictitious individuals.  ABC CORP. 1-50 are business

entities including, but not limited to a corporation, limited liability company and/or

partnership, which are in the business of buying and/or collecting on defaulted consumer

debt.  In the event any named defendant is not the real name of the defendant, or he or it

is known by any other name, plaintiff reserves the right to amend this complaint to

properly name the defendant

12.     Based upon information and belief, each Defendant uses the mail,

telephone, and facsimile and regularly engages in business, the principal purpose of

which is to attempt to collect debts alleged to be due another.  Each Defendant is a "Debt

Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

13.     In fact, each Defendant was acting as a debt collector, as that term is

defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from

Plaintiff.

14.     Each Defendant's principal, if not sole, business purpose is the collection

of defaulted consumer debts originated by others.


**CLASS ACTION ALLEGATIONS**

15.     Plaintiff brings this action as a state wide class action, pursuant to Rule

4:32 of the New Jersey Rules of Court, on behalf of himself and all New Jersey

consumers and their successors in interest (the "Class"), who were have received communications from Defendants which are in violation of the FDCPA, as described in this Complaint.

16.     This Action is properly maintained as a class action. The Class initially consists of:

•     All natural persons with an address in the State of New Jersey consumers who were subject to one or more of the alleged violations and conduct as set forth herein.

•  The Class period begins one year prior to January 28, 2023.

17.     The Class satisfies all the requirements of Rule 4:32 of the New Jersey Rules of Court for maintaining a class action:

•   Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters, telephone calls and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard communications that were made to hundreds of persons, including collection letters such as attached Exhibits A and/or B.

•  There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

 a. Whether Defendants violated various provisions of the FDCPA, including, but not limited to:  15 U.S.C. §§1692e, and/or 1692f ;

 b. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

 c. Whether Plaintiff and the Class are entitled to declaratory relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously

and without the duplication of effort and expense that numerous

individual actions would engender. Class treatment will also permit the

adjudication of relatively small claims by many Class members who

could not otherwise afford to seek legal redress for the wrongs

complained of herein.  Absent a Class Action, class members will

continue to suffer losses of statutory protected rights as well as

monetary damages.  If Defendants' conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its

ill-gotten gains;

• Defendants have acted on grounds generally applicable to the entire

Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

18. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is
defined under the FDCPA.

19. On or prior to June 6, 2014, Plaintiff allegedly incurred a financial
obligation ("the Debt") related to a consumer credit card issued by FIA Card Services,
NA / Bank of America, N.A.  ("FIA").

20. The FIA obligation arose out of a transaction in which money, property,
insurance or services, which are the subject of the transaction, are primarily for personal,
family or household purposes.

21. The alleged FIA obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. FIA is a "creditor" as defined by 15 U.S.C. § 1692a(4).

23.     At some time on or before June 6 2014, the FIA obligation became past due.

24.     At some time during or prior to June 6, 2014, FIA's entire interest in the Debt was assigned, sold or otherwise transferred to Defendant CAVALRY with an outstanding balance of approximately $4,337.55.

25.     Subsequently, Defendant CAVALRY transferred the Debt to Defendant APOTHAKER, a collection law firm, for purposes of collecting on the Debt.

26.     On or about June 6, 2014, Defendant APOTHAKER filed suit on behalf of Defendant CAVALRY in the Middlesex County Superior Court in a case entitled <u>Cavalry SPV I, LLC v. Griffin</u>, ESX-L-9187-21 seeking to collect $4,337.55 related to the Debt ("the State Court Action").

27.     Plaintiff never responded to the State Court Action, and on December 18, 2014 a default judgment was entered against Plaintiff in the State Court Action in the amount of $4,337.55, plus court courts and statutory attorney fees in the amount of $158.75, for a total judgment amount of $4,496.30 ("the State Court Judgment").

28.     On or about January 28, 2022, Defendants sent a collection letter to Plaintiff seeking to collect on the State Court Judgment.  A copy of the January 28, 2022 collection letter is attached as **Exhibit A.**

29.     The January 28, 2022 collection letter provided:

| TOTALS | accrued | less credits | New balance |
|---|---|---|---|
| Principal: | 4394.55 | 345.60 | 4048.95 |
| Interest : | 303.52 | 0.00 | 303.52 |
| Atty Fees: | 101.75 | 0.00 | 101.75 |
| Costs : | 174.38 | 0.00 | 174.38 |
| Oth Chgs : | 935.80 | 0.00 | 935.80 |

```
                   ----------     -----------      -----------
        SUBTOTAL :5910.00          345.60           5564.40

        Less credits:
         Payments :    -345.60
         Adjustmnt:      0.00
                      ==========
                       5564.40
```

30.     The January 28, 2022 collection letter sought to collect $5564.40 regarding the State Court Judgment, including "Other Charges" in the amount of $935.80.

31.     However, at the time that Defendant sent the January 28, 2022 Collection Letter to Plaintiff, Plaintiff did not owe Other Charges in the amount of $935.00.

32.     Additionally the amount of Interest, Costs, Attorney Fees sought in the collection letter were in excess of the amount that Defendants were entitled to collect.

33.     At the time that Defendant sent the January 28, 2022 collection letter to Plaintiff did not owe $5564.40 related to the State Court Judgment.

34.     As such, the Balance Due Amount of $5564.40 that Defendant sought to collect in the January 28, 2022 letter was in excess of the amount that Defendant was entitled to collect based upon the State Court Judgment amount.

35.     After receiving the January 28, 2022 collection letter, Plaintiff subsequently settled the Debt with Defendant for $5,603.93.

36.     Defendant memorialized the terms of the settlement in a letter dated March 22, 2022.  A copy of the March 22, 2022 collection letter is attached as Exhibit B.

37.     However, the $5,603.93 settlement amount that Plaintiff agreed to pay was based upon the false representations in the January 28 collection letter that Plaintiff owed $5564.40 in total and that Plaintiff owed other charges in the amount of $935.80.

38.     Thus, the January 28, 2022 Collection Letter sought both to collect more money from Plaintiff than Defendants were legally entitled to collect on the State Court Judgment.

39.      Furthermore, Plaintiff subsequently agreed to a settlement arrangement, based upon a false representation of the amount owed in the January 28, 2022, including an over-inflated amount for Other Charges.

## POLICIES AND PRACTICES COMPLAINED OF

40.     It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and/or B**, which violate the FDCPA, by *inter alia*:

    a.  Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    b.  Threatening to take any action that cannot legally be taken or that is not intended to be taken;  and/or,

    c.  Using unfair or unconscionable means to collect or attempt to collect any debt and/or;

41.     On information and belief, Defendant sent written communications in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

42.     On information and belief, Defendant sent written communications in the form annexed hereto as Exhibit B to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
## 15 U.S.C. §1692 VIOLATIONS

43.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

44.     In their attempts to collect the Debt from Plaintiff, Defendants violated several provisions of the FDCPA, including, but not limited to:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

E.  15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

F.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not

expressly authorized by the agreement creating the debt or permitted by law;.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated,

demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class

Counsel under R. 4:32;

(b) Awarding Plaintiff and the Class maximum statutory damages, costs of suit

and reasonable attorney's fees under the FDCPA.

(c) Awarding pre-judgment and post-judgment interest;

(d) Awarding Plaintiff and/or the Class such other and further relief as the Court

may deem just and proper.

Dated:   Rutherford, New Jersey
     January 30, 2023

                           Respectfully submitted,


                  By: s/ Lawrence C. Hersh
                     Lawrence C. Hersh, Esq.
                     17 Sylvan Street, Suite 102B
                     Rutherford, NJ  07070
                     (201) 507-6300
                     *Attorney for Plaintiff and all others*
                     *similarly situated*


## **DEMAND FOR JURY TRIAL**


Plaintiff hereby demands a trial by jury as to all issues.

Dated:  January 30, 2023                    By: /s/ Lawrence C. Hersh
                                            Lawrence C. Hersh

## DESIGNATION OF TRIAL COUNSEL

Lawrence C. Hersh, Esq. is designated as trial counsel in this matter.

                                    By:     /s/ Lawrence C. Hersh
                                            Lawrence C. Hersh
Dated:  January 30, 2023

## CERTIFICATION PURUSANT TO R. 4:5-1

I certify that the matters in controversy in this action are not the subject of any

other action pending in any other court or of a pending arbitration proceeding, and that no

other action or arbitration proceeding is contemplated.

                                    By:     /s/ Lawrence C. Hersh
                                            Lawrence C. Hersh
Dated:  January 30, 2023

EXHIBIT A

Apothaker Scian P.C.
520 Fellowship Road Suite C306
PO Box 5496
Mt. Laurel, NJ 08054-5496
Phone: 800-672-0215   Fax: 800-757-4928
800-672-0215


January 28, 2022


THOMAS GRIFFIN
████████████████████████
DUNELLEN, NJ 08812


STATEMENT OF ACCOUNT

For account of........: THOMAS GRIFFIN
Our client............: CAVALRY PORTFOLIO SERVICES
Account #.............: ███████████655
Please refer to ourfile: ██████83
Creditor..............: CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES,
NA/BANK OF AMERICA

Judgment start.$: 4394.55     JUDGMENT PRINCIPAL - TOTAL: 4496.30
Starting interest rate of:  0.25%
Interest calculation date: 12/18/2014


| # | Date | Pmt/Adj | Paid Princip | Accrued Interest | Unpaid Princip | Unpaid Interest | Unpaid Oth Chges | New Balance |
|---|------|---------|--------------|------------------|----------------|-----------------|------------------|-------------|
| 0 | 12/18/2014 | | | | 4394.55 | 0.00 | | 4394.55 |
| | | | | JUDGMENT PRINCIPAL - TOTAL: 4496.30 | | | | |

```
      0 F 12/18/2014    101.75      0.00      0.00   4394.55      0.00    101.75
4496.30
                            JUDGMENT ATT FEES - TOTAL: 4496.30 -
      0 I 12/18/2014      0.00      0.00      0.00   4394.55      0.00    101.75
4496.30
                            INTEREST RATE - Judgment Int Rate to rate: %0.250
      0 M 09/03/2015      0.00      0.00      7.80   4394.55      7.80    101.75
4504.10
                            C/O FEE - WAGE - $453.53 (NLE) -
     17C 09/04/2015     39.00      0.00      0.03   4394.55      7.83    140.75
4543.13
                            137384-WAGE GARNISHMENT - Case #: DC-008 - STATE OF
NEW JERSEY
      0 M 04/18/2016      0.00      0.00      6.83   4394.55     14.66    140.75
4549.96
                            C/O FEE - WAGE - 457.33 -
     17C 04/19/2016     38.00      0.00      0.03   4394.55     14.69    178.75
4587.99
                            152277-WAGE GARNISHMENT - Case #: DC-008 - TREASURER,
STATE OF NEW JERSEY⬆
```

                        STATEMENT OF ACCOUNT FOR OURFILE: 379383

| # | Date | Pmt/Adj | Paid Princip | Accrued Interest | Unpaid Princip | Unpaid Interest | Unpaid Oth Chges | New Balance |
|---|------|---------|--------------|------------------|----------------|-----------------|------------------|-------------|
| --- | --------- | ---------- | -------- | --------- | --------- | --------- | --------- | ----------- |
| 17 | 04/19/2016 | | | | 4394.55 | 14.69 | 178.75 | 4587.99 |
| 0 I | 01/01/2017 | 0.00 | 0.00 | 7.74 | 4394.55 | 22.42 | 178.75 | 4595.72 |

```
                            INTEREST RATE - VINTCHANGE to rate: %0.500
     17C 01/20/2017      5.33      0.00      1.14   4394.55     23.57    184.08
4602.20
                            167683-CERTIFIED SERVICE - Case #: DC-00 - APOTHAKER
SCIAN P.C.
      0 I 01/01/2019      0.00      0.00     42.80   4394.55     66.37    184.08
4645.00
                            INTEREST RATE - VINTCHANGE to rate: %1.500
      0 I 01/01/2020      0.00      0.00     65.92   4394.55    132.29    184.08
4710.92
```

```
                              INTEREST RATE - VINTCHANGE to rate: %2.500
        17C 12/31/2020        6.05      0.00    109.86   4394.55    242.15    190.13
4826.83
                              276831-CERTIFIED SERVICE - Case #: DC-00 - APOTHAKER
SCIAN P.C.
        0 I 01/01/2021        0.00      0.00      0.30   4394.55    242.45    190.13
4827.13
                              INTEREST RATE - VINTCHANGE to rate: %1.500
        0 M 01/12/2021      484.85      0.00      1.99   4394.55    244.44    674.98
5313.97
                              CO COMM - KELLY - WAGE -
        17C 01/13/2021       41.00      0.00      0.18   4394.55    244.62    715.98
5355.15
                              277156-2ND WAGE GARNISHMENT - Case #: DC - TREASURER,
STATE OF NEW JERSEY
        0 I 02/03/2021        0.00      0.00      3.79   4394.55    248.41    715.98
5358.94
                              PMT ARGMNT INTEREST RATE - 0.00
        0 M 02/15/2021        0.00      0.00      0.00   4394.55    248.41    715.98
5358.94
                              CO FEE TAKEN FROM PMT - NSF - -12.50
        07P 02/15/2021     -112.50      0.00      0.00   4394.55    248.41    715.98
5358.94
                              CHECKPHONE - REPUBLIC BANK & TRUST COMPA - THOMAS E
GRIFFIN JR
        07P 02/15/2021      112.50      0.00      0.00   4394.55    248.41    715.98
5358.94
                              NSF check for 02/15/2021 item. - THOMAS E GRIFFIN JR
        0 I 02/15/2021        0.00      0.00      0.00   4394.55    248.41    715.98
5358.94
                              INTEREST RATE to rate: %1.500
        0 M 03/15/2021      489.35      0.00      5.06   4394.55    253.47   1205.33
5853.35
                              CO COMM - G&C - TODORO -
        17C 03/16/2021       45.00      0.00      0.18   4394.55    253.65   1250.33
5898.53
                              283138-GOODS & CHATTEL - Case #: DC-0083 - TREASURER,
STATE OF NEW JERSEY
        0 M 04/19/2021      -19.20      0.00      6.14   4394.55    259.79   1231.13
5885.47
                              CO FEE TAKEN BY CO KELLY -
        01P 04/19/2021     -172.80    172.80      0.00   4221.75    259.79   1231.13
5712.67
                              Payment to our firm, WGARN-19686 - THOMAS E GRIFFIN
JR♠
```

```
                         STATEMENT OF ACCOUNT FOR OURFILE: 379383


     #  Date        Pmt/Adj   Paid     Accrued   Unpaid   Unpaid   Unpaid     New

                              Princip  Interest  Princip  Interest Oth Chges
Balance
     --- ---------  ---------- -------- --------- --------- --------- ---------
-----------
     01  04/19/2021
                                                 4221.75   259.79   1231.13
5712.67

     0 M 05/20/2021    -19.20   172.80     5.38   4221.75   265.17   1211.93
5698.85
                        CO FEE TAKEN BY CO KELLY -
     01P 05/20/2021   -172.80   172.80     0.00   4048.95   265.17   1211.93
5526.05
                        Payment to our firm, WGARN-19764 - THOMAS E GRIFFIN
JR
     0 I 01/01/2022      0.00   172.80    37.61   4048.95   302.77   1211.93
5563.65
                        INTEREST RATE - VINTCHANGE to rate: %0.250
     0 R 01/28/2022      0.00   172.80     0.75   4048.95   303.52   1211.93
5564.40
                        SYSTEM INTEREST UPDATE*** -
     NOW 01/28/2022                        0.00   4048.95   303.52   1211.93
5564.40
     === =========  ========== ======== ========= ========= ========= =========
===========


     NSF Check:   -112.50 in 1 item(s)



     TOTALS       accrued      less credits      New balance
     Principal:   4394.55           345.60          4048.95
     Interest :    303.52             0.00           303.52
     Atty Fees:    101.75             0.00           101.75
     Costs    :    174.38             0.00           174.38
     Oth Chgs :    935.80             0.00           935.80
                  ----------       -----------      -----------
     SUBTOTAL :   5910.00           345.60          5564.40

     Less credits:
     Payments :   -345.60
     Adjustmnt:      0.00
                  ==========
```

```
BALANCE  :    5564.40   + daily interest of $0.0277  at rate 0.25%
                          Month interest   $0.8402
```

This firm is a debt collector.  We are attempting to collect a debt,
and any information obtained will be used for the purpose of collecting the
debt.

EXHIBIT B

# APOTHAKER SCIAN P.C.

*Apothaker.com*

ATTORNEYS AT LAW

March 22, 2022

THOMAS E GRIFFIN JR

█████████████████

DUNELLEN, NJ 08812

RE:   CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES,
NA/BANK OF AMERICA v. THOMAS E GRIFFIN JR
DOCKET NO.: DC-008322-14
OUR FILE NO: ███383

Dear Thomas E Griffin:

The amount you have agreed to pay is $5,603.93.

Be advised that our client, CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, NA/BANK OF AMERICA, has agreed to the following payment arrangement: $25.00 to be paid on or before the 22nd day of each month, beginning April 22, 2022 until paid in full. All funds levied in the amount of $1,939.57 will be turned over and applied toward the aforementioned balance.

Please make checks payable to Apothaker Scian P.C. and send them to our New Jersey office located at 520 Fellowship Road Suite C306, PO Box 5496, Mt. Laurel, NJ 08054-5496. In addition, we are able to take credit card payments and checks by telephone, in our office and online at Apothaker.com.

Very truly yours,

Apothaker Scian P.C.

Kimberly F. Scian, Esquire

This firm is a debt collector. We are attempting to collect a debt and any information obtained will be used for the purpose of collecting the debt.

# EXHIBIT "B"

THOMAS GRIFFIN, on behalf of himself        Plaintiff
and all others similarly situated
                    vs.
CAVALRY SPV I, LLC, ET AL                   Defendant

**Person to be served** (Name & Address):
APOTHAKER SCIAN P.C.
100 CENTURY PARKWAY
SUITE 310
MT LAUREL, NJ 08054

**Attorney:**
Lawrence C. Hersh, Esq.

Superior Court of New Jersey
Law Division
Middlesex County
Docket Number: MID-L-000557-23

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2023034254

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Summons, Class Action Complaint, Certification, Exhibit A-B and Lawyers Referral List

**Service Data:**

Served Successfully __X__    Not Served_____    Date: 8/7/2023_____    Time: 11:47 am_____    Attempts:_____

| | |
|---|---|
| _____ Delivered a copy to him / her personally | Name of Person Served and relationship / title: |
| _____ Left a copy with a competent household member over 14 years of age residing therein | _ROBERT APOTHAKER_ |
| __X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. | _Authorized Agent_ |

**Description of Person Accepting Service:**

Sex: M____   Age: 65____   Height: 5'10"____   Weight: 180____   Skin Color: White_____   Hair Color: Grey_____

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
_____2023 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

HelloSign Approved E-Signature

I, Jeffrey Tobin, was at the time of service a
competent adult not having a direct interest in the
litigation. I declare under penalty of perjury that the
foregoing is true and correct.

*Jeffrey Tobin*                                    08 / 07 / 2023
_____
Signature of Process Server                        Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2023034254

# EXHIBIT "C"

| | | |
|---|---|---|
| THOMAS GRIFFIN, on behalf of himself and all others similarly situated | Plaintiff | Superior Court of New Jersey<br>Law Division<br>Middlesex County |
| vs. | | Docket Number: MID-L-000557-23 |
| CAVALRY SPV I, LLC, ET AL | Defendant | |

**Person to be served** (Name & Address):
CAVALRY SPV I, LLC
C/O CT CORPORATION SYSTEM
820 BEAR TAVERN ROAD
WEST TRENTON, NJ 08628

**Attorney:**
Lawrence C. Hersh, Esq.

## AFFIDAVIT OF SERVICE

(For Use by Private Service)



STS2023034074

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Summons, Class Action Complaint, Certification, Exhibit A-B and Lawyers Referral List

**Service Data:**

Served Successfully __X__   Not Served_____   Date: 8/7/2023_____   Time: 12:38 pm_____   Attempts:_____

_____  Delivered a copy to him / her personally

_____  Left a copy with a competent household member over 14 years of age residing therein

___X___  Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

Scott Kuntz_____

Registered Agent/Managing Agent At RA Office_____

**Description of Person Accepting Service:**

Sex: M___   Age: 36___   Height: 5'8"___   Weight: 220___   Skin Color: Caucasian_____   Hair Color: Light Brown_____

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
_____2023 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

HelloSign Approved E-Signature

I, Sharon McCabe Villa, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   08 / 07 / 2023
Signature of Process Server                   Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2023034074

Doc ID: 1e1ee20961235782f69b1703fff472e6ab3a6a37