**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others*
*similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――X
:
THOMAS GRIFFIN, on behalf of himself and all   :
others similarly situated,                     :
:
:
Plaintiff,         :   Civil Action No. 2:23-cv-16755 (LDW)
:
vs.                                            :
:         **ORDER GRANTING**
CAVALRY SPV I, LLC, and APOTHAKER             :   **PRELIMINARY APPROVAL OF**
SCIAN P.C., JOHN DOES 1-25 and ABC CORP.      :   **CLASS ACTION SETTLEMENT**
1-50,                                          :            **AGREEMENT**
:
Defendants.        :
:
:
―――――――――――――――――――X

**THIS MATTER** having been brought before the Court to conduct a preliminary review to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to provisionally certify the Settlement Class, to address the appointment of Class Counsel and the Class Representative, to provide Notice to the Settlement Class, and to schedule a Fairness Hearing; and the Plaintiff and Settlement Class Members being represented by Plaintiff's counsel and Defendants being represented by their respective attorneys;

**AND THE COURT,** having read and considered the Settlement Agreement and other papers submitted jointly by counsel for the parties, having reviewed and considered the Memorandum in Support of the Motion for Preliminary Approval of Class Action Settlement,

and the declaration(s) submitted in support of the motion, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

      1.      On January 30, 2023, Plaintiff Thomas Griffin filed his putative class action suit on behalf of himself and those similarly situated, entitled <u>Griffin v. Cavalry SPV I, LLC, Apothaker Scian, P.C., et. al.</u> Mid-L-000557-23 ("the State Court Action") in the Superior Court of New Jersey, Middlesex County alleging that Defendants committed violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. by seeking to collect more money than they were entitled to collect from Plaintiff and members of the putative class.

      2.      Defendants subsequently removed the State Court Action to this Federal Court.

      3.      Defendants deny any liability alleged by the Plaintiff with respect to the language contained in the collection letters.

      4.      Plaintiff now requests preliminary approval of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3).

      **NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

      5.      The motion for Preliminary Approval of the proposed settlement is GRANTED, and the Parties are hereby ordered to comply with the schedule as set forth in this Order and to comply with the terms of the Settlement Agreement.

      6.      The Court has jurisdiction over the subject matter of this matter and over all Parties hereto.

      7.      Pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class is certified for purposes of settlement:

> All New Jersey residents to whom Apothaker Scian P.C., on behalf of Cavalry SPV I, LLC, at any time between January 28, 2022 through January 30, 2023, sent a letter in an attempt to collect a debt where the current creditor was Cavalry SPV I, LLC, and where said collection letter sought to collect "other Charges" which were in excess of the amount that Cavalry and Apothaker were entitled to collect.

8. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. Specifically, the Court finds that the Settlement Class satisfies the prerequisites for class certification in that:

   a. The 62 members of the above defined Settlement Class are so numerous that joinder of all members is impracticable.

   b. There are questions of law and fact common to the Settlement Class.

   c. The claims of the Class Representative are typical of the claims of the Settlement Class.

   d. The Class Representative fairly and adequately represents the interests of the Settlement Class. There are no conflicts of interest between the Class Representative and members of the Settlement Class.

   e. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class.

   f. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

9. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement, is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the benefits achieved on behalf of them, the risk and delay inherent in litigation, and the limited amount of any potential recovery that could be shared by the Settlement Class Members.

10. Pursuant to Fed. R. Civ. P. 23, the Court finds that Plaintiff fairly and adequately represents and protects the interests of the Settlement Class and appoints him as Class Representative.

11. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Lawrence C. Hersh, Esq. as Class Counsel.

12. The Settlement Agreement provides in part for Apothaker to: (1) retain the Settlement Administrator mutually selected by the Parties; (2) establish a settlement fund in the amount set forth in the Settlement Agreement; (3) pay the Class Representative individual statutory damages and a service payment, subject to approval by the Court; and (4) pay Plaintiff's reasonable counsel fees, costs, and expenses, subject to approval by the Court.

13. The Parties have selected Angeion Group as the Settlement Administrator. The Settlement Administrator shall be responsible for administering the settlement according to the terms set forth in the Settlement Agreement and as ordered herein.

14. No later than seven (7) days after the entry of this Order, Apothaker shall provide the Settlement Administrator with an electronic database containing the identifying information of Settlement Class Members pursuant to the Settlement Agreement.

15. The costs of administering the settlement, including but not limited to formatting and printing the Class Notice, updating the database and mailing the Class Notice, and issuing and mailing the settlement checks, shall be paid by Apothaker, on behalf of itself and on behalf of Cavalry, and such payment shall not reduce or diminish in any way the relief to be paid to Plaintiff, the Settlement Class or Class Counsel as identified in the Settlement Agreement.

16. The Court finds that the mailing and distribution of the Settlement Class Notice ("Notice") attached as Exhibit B in the manner set forth herein and the Settlement

Agreement, is the best notice practicable under the circumstances, consistent with due process of law, and constitutes due and sufficient notice of this Order and the settlement to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23.

17. The Settlement Administrator shall cause the Notice to be postmarked and mailed to all Settlement Class Members in accordance with the terms of the Settlement Agreement, but no later than twenty-eight **(28)** days after entry of this Order.

18. Any Settlement Class Member may elect to be excluded from the Settlement and from the Settlement Class by opting out of the Settlement Class. Those who desire to exclude themselves must submit to the Settlement Administrator at the address set forth in the Notice, a signed Request for Exclusion that includes their name, address, and a statement requesting exclusion from the Settlement Class in accordance with the terms set forth in the Settlement Agreement. To be effective, a Request for Exclusion must be received by the Settlement Administrator by no later than ~~thirty-five (35)~~ forty-five (45) days after the deadline for mailing the Notice or the next business day thereafter if that day is on a weekend or holiday ~~(forty-nine days after the entry of this Order)~~.

19. By no later than seven (7) days after the deadline for objections and exclusions, the Settlement Administrator shall: (a) deliver to Class Counsel and to Defendants' Counsel copies of any and all Requests for Exclusion that have been received by the Settlement Administrator and the Settlement Administrator's determination of whether each Request for Exclusion was timely received; and (b) notify in writing any Class Member for whom the Settlement Administrator has determined that a Request For Exclusion received from the Class Member was not timely received.

20. All Settlement Class Members who do not submit a valid and timely Request for Exclusion shall be bound by the terms of the Settlement Agreement, the Final Judgment, and all Orders entered by the Court in connection with the Settlement, whether favorable or unfavorable to the Class. All those who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Agreement and shall not be afforded any of the relief described in the Settlement Agreement. Any member of the Settlement Class who excludes himself or herself from the Settlement Class cannot formally object to the terms of the settlement.

21. No later than ten (10) days after the filing of the motion for Preliminary Approval, Defendants shall serve the Notifications to appropriate officials as required by the Class Action Fairness Act (28 U.S.C. §§ 1332(d), 1715) and simultaneously copy Class Counsel on that communication.

22. A Fairness Hearing shall be held before this Court at __10:00__ a.m. ~~or p.m.,~~ on _____May 28, 2026_____ ~~(the day at least 110 days after the entry of this order or sometime that week),~~ in Courtroom 3C of the Martin Luther King Jr. Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey on the proposed Settlement including: (a) whether to grant final approval to the Settlement as fair, reasonable, and adequate, and issue an Order dismissing the Complaint with prejudice; (b) to decide the amount of reasonable attorney's fees and costs to be awarded to Class Counsel; and (c) whether to approve the incentive payment to Plaintiff. This hearing may be adjourned from time to time without further or prior notice by oral announcement by the Court or by written order.

23. By no later than twenty-one (21) days prior to the date of the Fairness Hearing, the Settlement Administrator shall file with the Court and provide copies to Class Counsel and

Defendants' counsel one or more declarations attesting to compliance with the terms of this Order and the Settlement Agreement.

24. Class Counsel shall file and serve its application for final approval of the settlement, award of counsel fees, reimbursement of costs and expenses, and Class Representatives' incentive payments no later than ~~seven (7)~~ thirty (30) days prior to the date of the Final Fairness Hearing.

25. Any member of the Settlement Class may appear, in person or through counsel (at their own expense), at the aforementioned Fairness Hearing and be heard in support of or in opposition to the fairness, reasonableness, and adequacy of the proposed Settlement, award of counsel fees, reimbursement of costs and expenses, and incentive payment to the Class Representative provided, however, no person shall be heard in opposition to the proposed Settlement or the award, and no paper or brief submitted by such person shall be received or considered by the Court unless such person has timely filed with the court a written objection and sent a copy to Class Counsel, Defendants' Counsel and the Court in the manner described in the Notice.

26. Objections not conforming to the requirements set forth in the Notice shall be stricken and shall not be considered or heard by this Court. To be effective, a written objection must contain a statement of each objection being made; a description of the facts and legal basis for each objection; a statement of whether the objector intends to appear at the Fairness Hearing; a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits, and it must be received by the Court, Class Counsel and Defendants' Counsel by no later than ~~thirty-five (35)~~ forty-five (45) days after the deadline for mailing the Notice or the next business day

thereafter if that day is on a weekend or holiday ~~(forty-nine days after the entry of this Order)~~.

27. In the event that the Settlement Agreement is not approved by the Court, or if approval of the Settlement Agreement, including the entry of the Preliminary Approval Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions set forth in the Settlement Agreement is not met, then the Preliminary Approval Order and the Final Order and Judgment, including, but not limited to, the preliminary class certification entered to effectuate the Settlement Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved *ab initio* without further order of the Court, and become null and void and of no force and effect, and in such event all *status quo ante* rights and positions of the Parties shall in all respects be unaffected and preserved, as shall all rights of Plaintiffs and the Settlement Class to continue to proceed with the litigation.

**IT IS SO ORDERED.**

Dated: January 8, 2026

_____
HONORABLE LEDA DUNN WETTRE
UNITED STATES MAGISTRATE JUDGE

\*\* The Clerk of Court is directed to terminate the motion at ECF 42.